IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM M. TRUSSELL, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-CV-2169-L (BF) |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), and an Order of Reference from the District Court, Plaintiff William M. Trussell's ("Plaintiff") Petition to Obtain Approval of a Fee for Representing a Claimant Under the Social Security Act (doc. 26, "Fee Petition") has been referred to the United States Magistrate Judge. Defendant Carolyn W. Colvin (the "Commissioner") filed a timely response and Plaintiff, in turn, filed his reply. For the following reasons, the Court recommends that the District Court **GRANT** the Fee Petition, in part, and **DENY** the Fee Petition, in part.

## Background

Plaintiff filed his Complaint in federal court on October 28, 2010, appealing the final decision of the Commissioner denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). In his application, Plaintiff alleged a disability onset date of May 1, 2003, due to osteoarthritis, degenerative joint disease, fibromyalgia, spinal stenosis, depression, chronic pain, hypertension, hypoglycemia, degenerative disc disease, a history of multiple hip surgeries and prosthetic hip joints, hip infections, left shoulder replacement surgery, multiple pelvic fractures, back surgery, gastric bypass surgery, multiple hernia surgeries, and abdominal trauma

wound surgery. Upon review of the final decision of the Commissioner, this Court recommended that the Commissioner's decision be reversed and remanded. On March 5, 2012, the District Court entered an order adopting the recommendation and, thus, the Commissioner's decision was reversed and the case was remanded back to the agency for reconsideration. Upon remand, a decision in favor of Plaintiff was rendered by the Commissioner on February 4, 2013. (Pl.'s Mot. at 1.) The Administrative Law Judge ("ALJ") found Plaintiff disabled as of his disability onset date, May 1, 2003, (*id.*), and awarded Plaintiff past-due benefits of approximately $131,000.00. (Pl.'s Reply at 3.) The Commissioner withheld $32,922.48, representing 25% of Plaintiff's past-due benefits, for payment of an attorney fee pursuant to 42 U.S.C. § 406. (Pl.'s Mot. at 2.) In his Fee Petition, Plaintiff's counsel seeks a fee in the amount of $15,268.75 to compensate him for services rendered to Plaintiff in federal court. The Commissioner objects to the amount requested by Plaintiff's counsel, contending that such fee is not reasonable under 42 U.S.C. § 406(b). The Fee Petition is now ripe for consideration.

## Analysis

Section 406(b) of the Act provides that if an attorney is successful in obtaining a judgment from the court which is favorable to a social security claimant, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht,* the Supreme Court held that § 406(b) does not displace contingent-fee agreements between claimants and their counsel as the primary vehicle for which fees are set so long as the contracts do not provide for fees exceeding 25% of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002). However, the court additionally added as a caveat that the fees

produced by the agreement must be reasonable. *Id.* at 807-08. The court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." *Id.* at 808 (citing *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) (reviewing court should disallow "windfalls for lawyers")). The burden is on the claimant's attorney to show that the fee sought is reasonable for the services rendered. *Id.* at 807.

Although typically in the Fifth Circuit, attorney's fees are calculated using the "lodestar" method,[1] *Graves v. Varnes*, 700 F.2d 220, 222 (5th Cir. 1983), exclusive reliance on the lodestar to determine a reasonable attorney fee in social security cases is not permitted. *See Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). Nonetheless, "district courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding." *Id.* at 381. Instead, in finding a fee unreasonable, a court may consider the lodestar in combination with additional factors such as: risk of loss in taking the case, the attorney's experience, the percentage of the past-due benefits the fee constitutes, the value of the case to the claimant, the degree of difficulty of the case, whether the client consented to the requested fee, and whether the attorney's success could be attributed to his own work. *Id.* at 380-82 (quoting *Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)) (internal alterations and quotation marks omitted). The Court of Appeals emphasized, however, that these factors were not mandatory nor were they exhaustive. *Id.* at 381. Moreover, it is well-established that a district court may exercise discretion in awarding attorney's fees from a claimant's past-due benefits. *Id.* at 376.

---

[1] The lodestar amount is determined by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Roussell v. Brinker Int'l, Inc.*, 441 Fed. Appx. 222, 233 (5th Cir. 2011).

In addition to receiving attorney's fees under § 406 of the Act,[2] a prevailing claimant may also receive attorney's fees under the Equal Access to Justice Act ("EAJA") if the position of the United States was not substantially justified and no special circumstances exist which would make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). Although district courts may award attorney's fees under both the EAJA and § 406(b) of the Act, attorneys are not entitled to double recovery. *Gisbrecht*, 535 U.S. at 796. Accordingly, if an attorney receives fees under both statutes, the attorney must refund the lesser of the fee award to the claimant. *Id.*

## Analysis

In his Fee Petition, Plaintiff's counsel seeks an award of $15,268.75 under § 406(b) to compensate him for his services rendered to Plaintiff in federal court. In granting the fee request, this Court must first ascertain whether the fee is reasonable and ensure that it does not create a "windfall" to Plaintiff's counsel, as the Commissioner contends.

The Court initially notes that Plaintiff entered into a contingent-fee agreement with his counsel on April 11, 2008. (App. to Pl.'s Mot. at 19-20.) In the contract, Plaintiff agreed that if a favorable decision was issued by the federal court, or following an order of remand directed by the federal court, counsel would be entitled to 25% of the past-due benefits payable to Plaintiff as payment of his attorney's fees. (*Id.* at 19.) Because the contract does not seek more than 25% of Plaintiff's past-due benefits, it complies with § 406(b). In a letter to counsel from the Commissioner, counsel was informed that $32,922.48 was being withheld by the Commissioner, as it represented 25% of the past-

---

[2] The Court notes that pursuant to § 406(a), a prevailing claimant may also be awarded attorney's fees for work performed at the administrative level. 42 U.S.C. § 406(a). These fees are awarded by the Commissioner, however, and have no bearing on this pending Fee Petition as it currently stands.

due benefits payable to Plaintiff. (*Id.* at 17-18.) Notwithstanding the agreement, Plaintiff's counsel is instead requesting to be compensated for 17.45 hours of work performed in federal court at a rate of $875.00 per hour. (Pl.'s Mot. at 5-6.) In his affidavit, counsel explains that he does not normally charge fees in social security cases on an hourly basis, however, when he does charge by the hour his usual hourly rate is $350.00 per hour. (*Id.* at 13.) Counsel recognizes that he is requesting a fee of 2.5 times his standard hourly rate, but justifies the increase in large part due to his expertise and experience. (*Id.* at 5-6.) Plaintiff's counsel has over thirty-seven years of experience in the field of social security law, as he served as a staff attorney for the Social Security Administration for twelve years and subsequently spent the next twenty-five years as an attorney representing social security claimants. (*Id.* at 5.) Plaintiff's counsel trained staff attorneys, authored decisions, attended conferences, and spoke at conferences concerning the area of social security law. (*Id.* at 12.)

To further justify an hourly rate of $875.00 per hour, counsel cites to case law wherein some courts awarded fees which resulted in an hourly rate that greatly exceeded the attorney's standard hourly rate. *See Brannen*, 2004 WL 1737443, at *5 (collecting cases from outside the Fifth Circuit wherein courts awarded attorney's fees which were equivalent to $1,433.12 per hour, $450.00 per hour, $977.20 per hour, and $694.44 per hour). However, counsel fails to point to any case law within the Fifth Circuit where such high hourly rates were effectively awarded under § 406(b). Moreover, in *Brannen,* although the court found the fee request to be reasonable, the amount awarded was equivalent to $304.40 per hour and the attorney's customary rate was $300.00 per hour. *Id.* at *6. Upon review of the relevant case law in the Fifth Circuit, this Court is similarly unable to find a case which would substantiate Plaintiff's counsel's request for $875.00 per hour. *See McDermott v. Astrue*, No. H-04-1866, 2010 WL 599186, at *4 (S.D. Tex. Feb. 17, 2010) (finding a fee equivalent to

$630.68 per hour unreasonable and instead awarding a rate of $450 per hour); *Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011), *rec. adopted,* 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011) (finding a resulting hourly rate of $285.71 to be reasonable where attorney normally charged $225.00 per hour); *DeVaul v. Comm'r, Soc. Sec. Admin.*, No. 6:07-CV-418, 2012 WL 314189, at *2 (E.D. Tex. Feb. 1, 2012) (authorizing attorney a reasonable rate of $281.87 per hour); *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *7-8 (E.D. La. Sept. 12, 2012), *rec. adopted,* 2012 WL 4471813 (E.D. La. Sept. 27, 2012) (holding that an hourly rate of more than $500 per hour, a rate more than three times the attorney's customary billing rate, was unreasonable and instead awarding a rate of $250.00 per hour).[3]

Nonetheless, the Fifth Circuit has made it clear that the lodestar amount should not be the only factor considered by the court in determining the reasonableness of a fee pursuant to § 406(b). Thus, this Court will turn to other relevant factors which have been used by courts in this circuit. First, the fee requested by Plaintiff's counsel represents roughly 11.5% of Plaintiff's past-due benefits and Plaintiff clearly signed an agreement bestowing 25% of these benefits to counsel. Thus, this factor weighs in favor of upholding counsel's fee request. In addition, due to the mandate that federal courts must give deference to the Commissioner's decision, social security cases inherently present substantial risks of loss. However, Plaintiff's counsel's experience as a staff attorney for twelve years

---

[3] The Court notes that in *Jeter v. Comm'r of Soc. Sec.*, No. 2:06-CV-81, 2009 WL 909257, at *6 (W.D. La. Apr. 3, 2009), the court reduced the requested hourly rate to 2.5 times the rate normally charged by the attorney, which is the multiplier Plaintiff's counsel seeks in this case. However, in *Jeter*, 2.5 times the attorney's customary rate only resulted in an hourly rate of $312.50 per hour whereas, here, the resulted hourly rate would be $875.00 per hour. *See id.* at *7.

at the Social Security Administration should offset some of those losses against the Commissioner.

As the Court has already outlined, counsel has tremendous experience in these types of cases as he has worked for approximately thirty-seven years in the field of social security law. Counsel's experience and expertise weighs in favor of awarding a higher fee. However, due to counsel's skill, this Court cannot say that the issues presented in this case were particularly complex or difficult. In fact, the case was remanded because the ALJ failed to properly consider medical opinion evidence, an issue which is commonly presented to this Court. Nevertheless, there is no indication of any lack of quality in counsel's representation or that counsel purposely delayed the case. The results counsel obtained were significant and clearly of value to Plaintiff. However, as this factor favors counsel's fee, it also cuts against his fee because the Supreme Court made it clear that a downward adjustment is in order to prevent a "windfall" if the past-due benefits are large in comparison to the amount of time counsel spent on the case. *See Gisbrecht,* 535 U.S. at 808. Plaintiff was awarded $131,000.00 in past-due benefits and counsel spent 17.45 hours on the case in federal court. Plaintiff's benefits are large in comparison to the time counsel spent on the case and, thus, a downward adjustment is necessary to avoid a "windfall" to counsel.

After careful consideration of all the factors outlined above, and the relevant case law in this circuit, the Court finds that the fee requested by Plaintiff's counsel is excessively high and constitutes an "unearned advantage." *See Jeter v. Astrue,* 622 F.3d 371, 380 (5th Cir. 2010). The Court cannot justify awarding Plaintiff's counsel an hourly rate of $875.00 per hour even in light of the factors which favor counsel's request. As the Court in *Hartz* explained, an hourly rate of more than $500 per hour is a "high rate *not* ordinarily awarded in this court, even for the most complex types of litigation." 2012 WL 4471846, at *7. The same can be said for this Court. Furthermore, the Court

7

finds the reasoning in *McDermott* persuasive. In *McDermott,* the court found the requested rate of $630.68 per hour to be unreasonable and instead found a rate of $450 per hour to be reasonable considering the level of experience and skill of the attorney. 2010 WL 599186, at *4. The court ultimately increased the lodestar and awarded the attorney a fee which represented 2/3 of the requested figure and did not exceed 25% of the claimant's past-due benefits. *Id.* The court rationalized an increase in the lodestar because of the inherent risks in social security cases, the counsel's expertise in social security law, the significant amount of time between when the case commenced and any recovery, and the results obtained by counsel. *Id.*

The Court finds that a requested rate of $875.00 per hour is not reasonable, and in light of counsel's customary charge of $350.00 per hour, an increase to $450.00 per hour is reasonable. Furthermore, because many of the factors considered by this Court, as well as the *McDermott* court, weigh in favor of a higher fee, this Court will similarly increase the lodestar and recommend awarding Plaintiff's counsel a fee which represents 2/3 of his requested figure. Accordingly, the Court recommends awarding counsel a fee in the amount of $10,179.00, which does not exceed 25% of Plaintiff's past-due benefits, for his services rendered to Plaintiff in federal court.

Finally, as pointed out by counsel, the District Court has already awarded attorney's fees pursuant to the EAJA in the amount of $3,569.19. Because the EAJA fee award is smaller than that awarded under § 406(b), counsel shall refund $3,569.19 to Plaintiff. Counsel may still petition the Commissioner for the remainder of the fee withheld pursuant to § 406(a) for his services rendered at the administrative level.

## Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Fee Petition (doc. 26) be **GRANTED,** in part, and **DENIED,** in part. Specifically, this Court recommends that the District Court award Plaintiff's counsel, Ronald D. Honig, a sum of $10,179.00 pursuant to 42 U.S.C. § 406(b).

**SO RECOMMENDED**, September 30, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).